(23 Misc. Rep. 726.)

### FARRELL v. NEW YORK STEAM CO.

(Supreme Court, Special Term, New York County.    June, 1898.)

NUISANCE—OPERATION OF STEAM PLANT.

The facts that from a steam plant adjacent to plaintiff's residence cinders and soot fall on such premises when the wind is in a certain quarter, that the occupants are occasionally disturbed by noises and foul odors occasioned by the operation of said steam plant, and that heat comes from the boilers operated, where not the result of negligent operation of the plant, and not materially lessening plaintiff's beneficial enjoyment of his property, will not entitle him to an injunction restraining operation of said plant.

Action by Thomas Farrell against the New York Steam Company. Dismissed.

Epstein Bros. (Otto Irving Wise, of counsel), for plaintiff.
James W. Hawes, for defendant.

TRUAX, J.    The evidence shows that, when the wind is in the east, some cinders and soot from the smokestacks of the building belonging to the defendant fall upon plaintiff's premises; that occasionally the occupants of said premises are somewhat disturbed by noises made by the iron shutters of the furnace on defendant's premises, and by the unloading of coal belonging to defendant; that foul odors are, to a greater or less extent, produced by the defendant's pouring water on heated ashes; and that more or less heat comes from the boilers belonging to and used by the defendant.    But the evidence does not show that any of the above-mentioned things were caused by the negligence of the defendant, or that, taken altogether, they amount to a nuisance, or materially lessen plaintiff's beneficial enjoyment of his property.    In the respects above mentioned, this case is unlike Cogswell v. Railroad Co., 103 N. Y. 10, 8 N. E. 537, Bohan v. Light Co., 122 N. Y. 18, 25 N. E. 246, and Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. 719, in which cases it was held that the acts complained of were nuisances. The defendant is engaged in a lawful business.    In the language of the court of appeals in Booth v. Railroad Co., 140 N. Y. 280, 35 N. E. 592, while the protection of property is one of the great reasons for government, it is the equal protection to all that the law seeks to procure.    The rule governing the rights of adjacent landowners in the use of their property seeks an adjustment of conflicting interests through a reconciliation by compromise, each surrendering something of his absolute freedom in order that both may live.    To prevent the defendant from using its lot as it is using it, at the instance of the plaintiff, would not be a compromise between existing rights, but an extinguishment of the rights of the defendant for the

benefit of the plaintiff. This sacrifice the law does not exact. I have said that the evidence does not show that the acts of the defendant have materially lessened plaintiff's enjoyment of his property. By this I mean those acts of the defendant of which the plaintiff has the legal right to complain. Some of the witnesses said they did not like the looks of the building erected by the defendant, and that for that reason, as much as for any other reason, they were going to leave the neighborhood. But that plaintiff's tenants or others do not like the looks of defendant's building does not furnish a legal ground of complaint against the defendant. The neighborhood in which plaintiff's house is situate has changed in the last few years, but this change was not caused by the erection and use of defendant's building. In fact, such change began long before defendant's building was commenced. It may be that plaintiff's property does not fetch as much rent now as it did a few years ago; but the evidence does not show how much of this loss of rent was occasioned by the defendant, and how much of it is due to facts and circumstances for which the defendant is not legally responsible. For the reasons above stated, I am of the opinion that the complaint should be dismissed. But it should be dismissed without costs. Let judgment be entered dismissing the complaint without costs.

Complaint dismissed without costs.